IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3151-FL

| ROBERT PRICE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. EURGIA C. LAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The matter comes before the court on defendant's motion for partial summary judgment (DE 26) and plaintiff's cross motion for summary judgment (DE 37). Also before the court is defendant's motion for the entry of a protective order (DE 31). For the following reasons, the court denies without prejudice both motions for summary judgment and allows defendant's motion for the entry of a protective order.

**STATEMENT OF THE CASE**

On June 25, 2015, plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendant was deliberately indifferent to his serious medical needs. Specifically, plaintiff contends that defendant consistently disregarded his complaints about pain throughout his body. (Compl. p. 3). Plaintiff's claims survived frivolity review on April 13, 2016, and the clerk of court was directed to maintain management of the action. On June 13, 2016, plaintiff filed a motion for summary judgment, which was denied without prejudice both because plaintiff had not met his burden of demonstrating that there is no genuine issue of fact, and also because his

motion was premature. (June 27, 2016 Order (DE 22) at 1).

Defendant filed the instant motion for partial summary judgment on July 20, 2016, arguing that portions of plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies prior to filing this action. Contemporaneously with his motion for summary judgment, defendant also filed a motion for the entry of a protective order, arguing that he should not be required to respond to plaintiff's discovery requests until the entry of a case management order by the court. Plaintiff responded to defendant's motion for partial summary judgment on September 15, 2016, and, on October 18, 2016, filed a cross-motion for summary judgment. These matters are now ripe for adjudication.

## DISCUSSION

A.  Motion for Protective Order

Defendant requests that he not be required to respond to plaintiff's discovery requests pending resolution of his Motion for Partial Summary Judgment and the entry of a case management order in this matter. A district court has the authority pursuant to Federal Rule of Civil Procedure 26(c) to establish limitations on discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995). The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), aff'd, 85 F. App'x 333 (4th Cir. 2004), cert. denied, 543 U.S. 819 (2004). Accordingly, defendant's motion for the entry of a protective order is GRANTED.

B.  Cross-motions for Summary Judgment

1. Standard of Review

2

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

2. Defendant's Motion for Partial Summary Judgment

Defendant, with regard to plaintiff's complaints relating to pain and swelling in his hands and wrists, raises the affirmative defense that plaintiff failed to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions

3

under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The North Carolina Department of Public Safety ("DPS") has a three-step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DPS's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DPS ARP § .0301(a). If informal resolution is unsuccessful, the DPS ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. Id. § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the Inmate Grievance Examiner or a modification by the Secretary of Correction shall constitute the final step of the ARP. Id. § .0310(c)(6). An inmate's administrative remedy request may be rejected at any level of the process if the request fails to meet any requirement set forth in § .0306(a),(b). "The inmate who submits the grievance will be notified of acceptance or rejection in writing upon the appropriate form, within three days after submission of the grievance." § .0307(b).

Plaintiff's claims relate to the medical treatment provided by defendant while plaintiff was incarcerated at Greene Correctional Institution ("Greene"). Plaintiff was transferred from Nash Correctional Institution to Greene on October 16, 2014 (Couch Aff. (DE 28-1) at ¶ 3). Between October 16, 2014 and the filing of the instant complaint, plaintiff only fully exhausted one grievance, Unit Grievance 4140-14-0986 ("Grievance 0986"). (Id. ¶ 4). Another grievance, Unit Grievance No. 4140-15-0473 ("Grievance 0473"), was fully exhausted only after plaintiff filed his complaint. (Id.).

In Grievance 0986, which was filed on November 21, 2014, plaintiff states:

> I filled out a sick call stating that the medication I'm taking is not helping with the pain I have in my lower back from center to right side, that also runs down my buttock, inside and outside of my right leg. After seeing the doctor and letting him know about the meds and my pain, he discontinued all medication except for Elavil (antripleline) at 7pm, and the only thing it does for me is help me go to sleep. This is not helping the pain I have, and as of now, he has not given me anything else for my pain.

(Def. Ex. A (DE 28-1) at 5).

Conversely, in Grievance 0473, which was filed on May 19, 2015, plaintiff states:

> I've submitted numerous sick calls about the pain in my hands and wrist, the center of my lower back that runs to my right hip, buttock and leg. X-rays have been taken of all places where I hurt, and I have yet to hear why I hurt in these places. Dr. Land has lowered my Elavil of 125 at 7pm to 75 mgs. At 3:15 pm. That has done nothing but numb my mouth and make my stomach hurt by taking it without anything on my stomach. At least the 125 mg at 7pm help me to sleep. I've taken physical therapy once at Nash Correctional, and nothing that Dr. Land has done has helped with or eliminated the pain. I feel I am getting inadequate medical treatment.

(Def. Ex. B (DE 28-1) at 10).

Because plaintiff only mentioned the pain in his hands and wrist in Grievance 0473, defendant argues that specific claim is unexhausted. Defendant correctly notes that where a prisoner files suit complaining of inadequate care relating to more than one medical condition, dismissal is

5

appropriate where the underlying grievance(s) did not provide a "fair opportunity" for prison officials to investigate and address the purported inadequate treatment pertaining to each alleged medical condition. See Moore, 517 F.3d at 728-29 (affirming dismissal based on exhaustion where the plaintiff's grievances concerning his medical care for pancreatic illness and Hepatitis C did not alert prison officials to his additional gout problem, stating that allowing plaintiff "to bring suit for alleged inadequate treatment of his gout would not serve the purposes behind the exhaustion requirement").

However, here it is unclear whether plaintiff is actually complaining of more than one medical condition. For example, both grievances indicate that plaintiff suffers from pain throughout his body and allege that defendant was deliberately indifferent because he failed to manage plaintiff's pain. Indeed, both grievances essentially assert that defendant's discontinuation of all pain medications other than Elavil[1], and reducing the dosage of that medication, amounts to deliberate indifference. Because it appears that both grievances involve complaints of neuropathic pain, the court finds that prison administrators were given fair opportunity to address the problems that form the basis of plaintiff's entire complaint with the exhaustion of Grievance 0986. Accordingly, defendant's motion for partial summary judgment is DENIED without prejudice. See Parzyck v. Prison Health Servs., Inc., 627 F.3d 1215, 1219 (11th Cir. 2010) ("Nothing in the [state] grievance procedures require inmates to file new grievances addressing every subsequent act by a prison official that contributes to the continuation of a problem already raised in an earlier grievance.").

    3.    Plaintiff's Motion for Summary Judgment

---

[1] Elavil is a medication that may, *inter alia*, "be used to treat nerve pain (such as peripheral neuropathy, postherpetic neuralgia.)" (See http://www.webmd.com/drugs/2/drug-1807/elavil-oral/details (last visited February 25, 2017)).

Plaintiff's motion for summary judgment is a three page document, which is not accompanied by any affidavits or exhibits. In his motion, he argues that he is entitled to summary judgment because he successfully exhausted his administrative remedies. The argument is without merit. Plaintiff has not met his burden of demonstrating that there is no genuine issue of fact, and, therefore, his motion for summary judgment is DENIED without prejudice.

## CONCLUSION

Based on the foregoing, the court orders as follows:

(1) Defendant's motion for partial summary judgment (DE 26) and plaintiff's motion for summary judgment (DE 37) are DENIED without prejudice;

(2) Defendant's motion to the entry of a protective order (DE 31) is GRANTED; and

(3) An initial order will follow.

SO ORDERED, this the 2nd day of March, 2017.

LOUISE W. FLANAGAN
United States District Judge